LOUIS ZWEIG, RELATOR, v. J. RAYMOND TIFFANY, JUDGE OF HOBOKEN DISTRICT COURT, ET AL., RESPONDENTS.

Argued June 19, 1920—Briefs submitted June 27, 1920—Decided July 13, 1920.

Chapter 340 of the laws of 1920 (*Pamph. L., p.* 605) is unconstitutional so far as it requires three months' notice to quit in cases of lettings from month to month.

---

On application for *mandamus.*

Before Justices SWAYZE, PARKER and BLACK.

For the relator, *John D. Pierson.*

For the respondents, *John Warren.*

The opinion of the court was delivered by

PARKER, J. The proceeding looks toward a writ of *mandamus* to the judge of the District Court of Hoboken, requiring him to enter judgment for dispossession in a landlord and tenant case arising under the amendment of 1920 to section 117 of the District Court act relating to landlord and tenant proceedings. *Pamph. L.* 1920, *p.* 605. The judge, having doubts about the constitutionality of this amendment, although satisfied that a case had been made out for dispossession under the statute as unamended, withheld judgment until directed by this court to enter it; and the question before us is whether he should be so directed.

We are clear that he should, and that our decision in *George Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157, is directly in point on this question. In enacting the District Court act of 1898, the legislature conferred jurisdiction on district courts to deal with landlord and tenant cases, substantially as justices of the peace had theretofore done. But the legislature then went further, and undertook to authorize a district court procedure more liberal to the landlord than under the Landlord and Tenant act. *Rev.* 1877, *p.* 570. The change consisted in the attempted abolition, for district court purposes, of the three days' notice to a tenant defaulting in his rent, which had previously been a condition precedent to a suit for dispossession and still so remained in proceedings before a justice of the peace. We then said that the title to the District Court act could not constitutionally support a change in the relative rights and liabilities of landlords and tenants. This made it necessary to recast the relevant parts of the general Landlord and Tenant act so as to bring in district courts as a forum controlled by the general act, and this was done. *Pamph. L.* 1903, *p.* 26.

The amendment of 1920 falls under the same criticism as the legislation dealt with in the Jonas Glass Company case; it undertakes to extend the requirement of three months' notice to quit in cases of indefinite terms, as embodied in the so-called "Fish act" of 1884 (*Pamph. L., p.* 178; *Comp. Stat., p.* 3079), to cases where there is a definite monthly letting

and where the proceeding is in a District Court; for, as already noted, it is simply an amendment to the District Court act and has no applicability elsewhere. As held in the cited case, this change is not within the title of the District Court act.

It follows that the District Court is controlled by the pre-existing legislation, and not by the amendment, and the judgment for possession should therefore be entered. A peremptory writ should therefore issue. It is stated that a rule to show cause for such a writ is pending, though we do not find it in the stipulated case. If so, let it be made absolute. If not, peremptory writ may issue at once.